**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3478
_____

UNITED STATES OF AMERICA

v.

MICHAEL NORWOOD,
                                            Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 1-96-cr-00232-001
District Judge:  Honorable Robert B. Kugler

_____

Submitted on Appellant's Motion for an Order Directing the
District Court to Promptly Carry Mandate Into Effect
Pursuant to Third Circuit L.A.R. 27.1 and I.O.P. 10.8
May 26, 2022

Before: KRAUSE, PHIPPS, *Circuit Judges*, and STEARNS,[1] *District Judge*

(Opinion filed: February 1, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[1] The Honorable Richard G. Stearns, District Judge for the District of Massachusetts, sitting by designation.
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Michael Norwood, proceeding pro se, moves this Court to enter an order directing the District Court to promptly enforce this Court's mandate issued on November 29, 2022.   Dkt. No. 72.  We will deny Norwood's motion without prejudice.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances.  *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005).  "A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable."  *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996), *superseded in part on other grounds by* 3d Cir. L.A.R. 24.1(c) (1997).  A petitioner may also obtain mandamus by establishing that a district court's "undue delay is tantamount to a failure to exercise jurisdiction . . . ."  *Id*.  Norwood has failed to show either here.

On September 8, 2022, this Court entered an opinion and judgment in favor of Norwood, *see* Dkt. Nos. 64, 65, concluding that the District Court erred when it granted a motion by the Government to authorize payment from Norwood's inmate trust account to satisfy Norwood's restitution obligations.  Our opinion and judgment were clear; we reversed and remanded "with instructions to deny the Government's motion to authorize the BOP to turn over the funds in Norwood's inmate account."  *United States v. Norwood*, 49 F.4th 189, 220 (3d Cir. 2022).

Though our judgment was entered on the District Court's docket on September 8, 2022, Dist. Ct. Dkt. No. 286, the mandate did not issue until months later because the Government initially sought additional time to file a petition for rehearing, Dkt. No. 66, before deciding against that course of action, Dkt. No. 67.  In the meantime, Norwood

2

submitted a letter to the District Court asking that it comply with our mandate. Dist. Ct. Dkt. No. 292. Though dated December 15, 2022, that letter was not entered on the District Court's docket until December 30, 2022, *id.*, and the Government on January 5, 2023 filed a motion for an extension of time to respond to Norwood's request, Dist. Ct. Dkt. No. 293. The District Court granted the Government's motion on January 10, 2023, thereby allowing the Government until January 30, 2023 to respond to Norwood's letter. Dist. Ct. Dkt. No. 294.

Given the short time since this case returned to the District Court, we see no reason that mandamus is warranted. Our mandate only issued just over one month ago, on November 29, 2022, and the District Court could not have acted on our judgment before then. Norwood's request to the District Court was also only docketed a few days ago, on December 30, 2022, so that request has been pending for even less time. And because the District Court granted an extension of time for the Government to respond to this letter, it may remain pending until at least January 30, 2023. On this record, the District Court has not engaged in "undue delay," *Madden*, 102 F.3d at 79, and we have no reason to doubt it will address Norwood's motion and effectuate the mandate in due course. Thus, Norwood has not shown there is "no other adequate means to obtain . . . relief," nor that his "right to issuance is clear and indisputable." *Id.*

For these reasons, we will deny without prejudice Norwood's Motion for an Order Directing the District Court to Promptly Carry its Mandate Into Effect.